IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIN D. PROCTOR, ) | |
| Plaintiff, ) | Civil Action No. 7:18-cv-00087 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| LARRY T. EDMONDS, *et al.*, ) | United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

Erin Proctor, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights related to a disciplinary conviction. Defendants L. T. Edmonds, M. Washington, M. Smith, C. Davis, G. M. Hinkle,[1] L. J. Fleming, C. B. Sims, R. Woodson, and M. Walker filed a motion for summary judgment.[2] Having reviewed the record, the court concludes that the defendants' motion for summary judgment must be granted.

I. BACKGROUND

On April 6, 2017, Proctor was involved in an altercation with Officer Jefferson. Proctor contends that Officer Jefferson set up this altercation and a subsequent "false" misconduct charge, in an effort to retaliate against Proctor because Proctor threatened to file a complaint against Officer Jefferson for calling him a name. Proctor does not allege that the other defendants knew of Officer Jefferson's alleged misconduct. Following the altercation, Sergeant

---

[1] Hinkle was named in the complaint as Hinble. The court will direct the correction of the spelling of the defendant's name.

[2] Proctor also brings this action against former Officer Jefferson. Defendant Jefferson is no longer employed by the Virginia Department of Corrections, is not represented by counsel for the other defendants, and did not file any responsive pleading or a motion for summary judgment. Indeed, it appears that defendant Jefferson was never served with the complaint. A waiver of service was sent to his last known address, but the waiver was never executed. Thus, unless this opinion specifically refers to defendant Jefferson, the court is referring to only the defendants that submitted a motion for summary judgment.

Smith charged Proctor with Attempt to Commit Aggravated Assault Upon a Non-Offender (105A/198B) for attempting to make physical contact with Officer Jefferson. Proctor was served the Disciplinary Offense Report (DOR) on April 26, 2017. The DOR described the charge based on Sgt. Smith's investigation. (Mem. Opp'n Summ. J. 2, Dkt. No. 34-1; Sims Aff., Encl. A, Dkt. No. 28-1).

The DOR advised Proctor of his rights under Virginia Department of Corrections (VDOC) Operating Procedure (OP) 861.1 in preparing for and appearing at his disciplinary hearing, including the right to an advisor, the right to request witnesses and documentary evidence, the right to a 24-hour notice prior to the hearing, the right to be present and to question witnesses, the right to enter into a penalty offer, and the right to remain silent. The DOR also instructs: "You may be found guilty of a lesser-included offense code, in accordance with operating procedure 861.1." Proctor signed the DOR, indicating that he had received the DOR and read the notice provisions. Proctor was then provided a penalty offer, which he declined. (Sims Aff., Encl. A).

On May 1, 2017, Proctor filed witness request forms, reporting officer response forms, and documentary evidence request forms.[3] Proctor sought witness statements from two inmates, Brown and "Call him Mack," as well as Sergeant Jackson, Officer Jones, Officer Jefferson, Lieutenant Swann, and Officer White. Hearing Officer Sims denied the witness request forms because Proctor "failed to give the required information," omitting a description of each of the witnesses' knowledge of the incident. There is debate amongst the parties as to whether Proctor

---

[3] Proctor erroneously submitted multiple reporting officer response forms. Pursuant to OP 861.1, reporting officer response forms are only to be used for the reporting officer(s) to respond. Here, only the reporting officer request form for Sgt. Smith was applicable. The remaining reporting officer response forms were disregarded.

properly completed the witness request forms and if the defendants "white[d] out" Proctor's statements. (Sims Aff. 2; Proctor Aff. 4, Dkt. No. 34-2).

Proctor also submitted a documentary evidence request form, seeking the rapid-eye video footage and copies of the incident reports filed by Officer Jones and Sgt. Jackson. HO Sims denied Proctor's request for both the video footage and the incident reports for security reasons. (Sims Aff. 2).

On May 10, 2017, HO Sims conducted the hearing. At the hearing, Sgt. Smith testified to the steps he took during the investigation, including viewing the video footage, reviewing the incident reports, and interviewing Officer Jones and Sgt. Jackson. Proctor cross-examined Sgt. Smith. Because of the "seriousness of the charge," HO Sims acknowledged that it would be helpful to hear from Officer Jones and Sgt. Jackson, even though Proctor did not properly complete the witness request forms. Because Officer Jones and Sgt. Jackson were unavailable, HO Sims suggested adjourning the hearing until May 17, 2017. Proctor consented to the continuation. On May 17, 2017, Officer Jones and Sgt. Jackson testified and Proctor was given an opportunity to cross-examine them. (Hr'g R., Dkt. No. 31; Sims Aff. 1-3).

HO Sims found Proctor guilty of Attempting to Commit Aggravated Assault Upon a Non-Offender and penalized Proctor with 30 days in disciplinary segregation and the loss of 120 days of good time credits. HO Sims based his decision on Sgt. Smith's investigation and Officer Jones and Sgt. Smith's hearing testimony. (Sims Aff. 3).

Proctor was given a final report detailing the decision on May 30, 2017, and filed an appeal. Warden Edmonds reviewed the investigation, the video footage of the incident, and the recording of the disciplinary hearing. On June 14, 2017, Warden Edmonds responded to the appeal, finding that Proctor's "due process rights have not been violated." Warden Edmonds

also reduced Proctor's offense to the lesser-included Attempting to Commit Simple Assault Upon a Non-Offender (239A/238B).  Proctor appealed Warden Edmonds' ruling, and Regional Administrator Fleming upheld Warden Edmonds' decision.  (Edmonds Aff., Encl. B, Dkt. No. 28-2; Sims Aff. 4; Compl. 8, Dkt. No. 1).

Proctor also submitted an informal complaint through the prison's grievance process following his altercation with Officer Jefferson.  Captain Washington responded to the informal complaint on April 15, 2017, stating "your concern has been addressed."  Following Warden Edmonds' review of the disciplinary investigation, video evidence, and hearing recording, he upheld Capt. Washington's decision.  Warden Edmonds specifically stated: "There is no evidence of Officer Jefferson assaulting you."  Warden Edmonds determined Proctor's grievance to be unfounded, and his opinion was upheld by Regional Administrator Hinkle.  (Edmonds Aff., Encl. B).

On June 16, 2017, following an Institutional Classification Authority (ICA) review, Proctor was transferred to Sussex I State Prison, a security level 5 facility.  After Regional Administrator Fleming upheld the reduction in Proctor's offense, his good time credits and security level were adjusted accordingly.  In September 2017, the ICA conducted an interim review of Proctor and recommended his transfer to a security level 3 facility.  (Edmonds Aff. 3).

In his complaint, Proctor sues Capt. Washington, Sgt. Smith, Assistant Davis, Regional Administrator Fleming, Regional Administrator Hinkle, Grievance Coordinator Walker, Regional Ombudsman Woodson, Warden Edmonds, Officer Jefferson, and HO Sims for alleged constitutional violations during the disciplinary proceedings.  Liberally construed, Proctor's claims are that: (1) HO Sims and Sgt. Smith failed to call all of Proctor's witnesses and provide the requested documentary evidence; (2) HO Sims failed to hold the hearing in the time

prescribed by VDOC policy; (3) Grievance Coordinator Walker and Regional Ombudsman Woodson denied Proctor access to courts; (4) Assistant Davis, Regional Administrator Fleming, and Regional Administrator Hinkle failed to properly respond to Proctor's grievances and disciplinary appeals; and (5) HO Sims and Warden Edmonds failed to provide Proctor with a second hearing on the lesser-included offense. The defendants have filed a motion for summary judgment, and Proctor has responded, making this matter ripe for disposition.

II. DISCUSSION

A. Standards of Review

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[4] The dispute over a material fact must be genuine, "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). As such, the moving party is entitled to summary judgment if the evidence supporting a genuine issue of material fact "is merely colorable[ ] or is not significantly probative." *Anderson*, 477 U.S. at 249.

The moving party bears the burden of proving that judgment on the pleadings is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party meets this burden, then the nonmoving party must set forth specific, admissible facts to demonstrate a genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

---

[4] The court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

587 (1986). In considering a motion for summary judgment, the court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 322-24; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). However, the nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). Instead, the nonmoving party must produce "significantly probative" evidence from which a reasonable jury could return a verdict in his favor. *Abcor Corp. v. AM Int'l, Inc.*, 916 F.2d 924, 930 (4th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249-50).

Proctor is proceeding *pro se* and, thus, entitled to a liberal construction of the pleading. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A court considering a motion [for summary judgment] can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## B. Due Process

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated "a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). Due process requires notice and an opportunity for a hearing before a

person is deprived of a protected property interest. *Logan v. Zimmerman*, 455 U.S. 422, 428 (1982). Taking the record in the light most favorable to Proctor, the court concludes that his due process claim fails as a matter of law.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, before an inmate facing a disciplinary charge may be penalized with loss of a protected interest, he is entitled to these limited procedural protections: (a) advance written notice of the charges, (b) a hearing before an impartial decision maker, (c) the opportunity to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and (d) a written decision setting forth the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563-71.

Judicial review of a prison disciplinary action is limited to whether the requirements set forth in *Wolff v. McDonnell* were met and whether there is "some" evidence to support the hearing officer's finding. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence" in the record that could support the decision. *Id.* at 455-56. A reviewing court's obligation is not to assess the comparative weight of the evidence; rather, the court must uphold the ruling of the disciplinary officer so long as "the record is not so devoid of evidence that [the officer's] findings were without support or otherwise arbitrary." *Id.* at 457.

The court finds that Proctor received the procedural protections required under *Wolff*. Proctor acknowledges that he was provided with advanced written notice of the disciplinary charge, advised of his hearing date, given an opportunity to request witness statements and documentary evidence, and allowed to present his case during the hearing. After the hearing,

7

HO Sims issued a written statement of the evidence he relied on in finding Proctor guilty, including Sgt. Smith's investigation and Officer Jones's testimony. Warden Edmonds also responded with a written response to each issue raised on appeal. Thus, under the lenient evidentiary requirement set forth in *Hill*, the court finds that defendants had the necessary factual support to convict Proctor.

### 1. Witnesses and documentary evidence

Claim 1 asserts that the disciplinary proceedings violated Proctor's due process rights because he was not allowed to call certain witnesses or present certain evidence.[5] It is well established that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits . . . [by] refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases." *Wolff*, 418 U.S. at 566. The Supreme Court expressly "stop[ped] short of imposing a more demanding rule with respect to witnesses and documents." *Id.* at 567.

HO Sims determined that Proctor's witness request forms were incomplete and thus Proctor had no right to call any witnesses besides Sgt. Smith, the reporting officer, during the hearing.[6] *See Wallace v. Watford-Brown*, No. 13CV319, 2015 U.S. Dist. LEXIS 136566, at *10,

---

[5] To the extent that Proctor argues that HO Sims should have viewed the video himself, a disciplinary hearing officer's decision not to review surveillance video does not constitute a due process violation. *Neal v. Casterline*, 129 F. App'x 113, 115 (5th Cir. 2005). Moreover, Sgt. Smith reviewed the video footage when completing his investigation and testified about what he saw, and Warden Edmonds reviewed the video footage while reviewing Proctor's appeal.

[6] In Proctor's response to the defendant's summary judgment motion, he asserts for the first time that he properly completed the witness request forms and the defendant's "whited out" his response. *See* Mem. Opp'n Summ. J. 8. The court notes that because HO Sims called three of the seven requested witnesses, including the only VDOC employees that were present during the altercation, none of the proposed testimony would refute the evidence on which HO Sims relied. At best, fellow inmates Brown and Mack could testify that Officer Jefferson was also culpable in the incident. However, even if Officer Jefferson initiated the conflict, such testimony does not dispute that Proctor "jump[ed] two separate times towards [Officer Jefferson] in an aggressive manner." *See* Sims Aff., Encl. A. Taking the facts in the light most favorable to Proctor, even if Proctor was allowed to call all of his requested witnesses, the court concludes the outcome would not change and HO Sims' decision would still satisfy the *Hill* "some evidence" standard.

2015 WL 5827622, at *4 (E.D. Va. Oct. 5, 2015) (upholding hearing officer's decision denying plaintiff a witness due to plaintiff's delay in filing the request pursuant to VDOC policy). However, HO Sims, in his discretion as fact finder, called both Officer Jones and Sgt. Jackson as witnesses and allowed Proctor to cross-examine them. Accordingly, the court concludes that HO Sims provided Proctor with sufficient due process.

Regarding the "documentary evidence," Proctor requested the rapid-eye video footage and the two incident reports. HO Sims, in his discretion as fact finder, denied Proctor's requests because the evidence was restricted for security reasons. Moreover, rapid-eye video footage is "clearly outside the definition of 'documentary evidence' to which plaintiff is entitled." *Wallace*, 2015 WL 5827622, at *4 (E.D. Va. Oct. 5, 2015); *see also* Sims Aff., Encl. A; OP 861.1 ("Video and audio recordings are not considered Documentary Evidence."). HO Sims stated in his affidavit that the incident reports are also not normally accessible to inmates and, thus, are not included in the definition of "documentary evidence" under OP 861.1. *See* Sims Aff. 2. Accordingly, Proctor has not demonstrated a due process violation, and the court will grant the defendants' motion for summary judgment as to this claim.[7]

2. **Other due process challenges**

Claim 2 asserts that the hearing was held outside of the VDOC required 15 calendar day time limit. Because Proctor was placed in a segregation status following the incident, "the hearing should be held . . . no later than 15 calendar days after service of the" DOR. *See* OP 861.1. Following Proctor's appeal, Regional Administrator Fleming determined that Proctor was served with the DOR on April 26, 2017, and the hearing was held on May 10, 2017, within the

---

[7] Proctor also asserts in his response to defendants' summary judgment motion that the incident reports contained exculpatory evidence and should be produced under the "*Brady* Rule." *See* Mem. Opp'n Summ. J. 9. The court concludes that Proctor's allegations are conclusory and any speculation of the content of the incident reports fails to satisfy the *Brady* test. *See Blount v. Johnson*, No. 06CV00545, 2007 U.S. Dist. LEXIS 30205, at *10-11, 2007 WL 1225993, at *3-4 (W.D. Va. Apr. 24, 2007); *Brady v. Maryland*, 373 U.S. 83 (1963).

9

15-day period. The hearing was then mutually adjourned to May 17, 2017. The court finds that the hearing began within the 15-calendar day window prescribed by VDOC policy and Proctor consented to the continuation. Accordingly, there was no due process violation, and the court will grant the defendants' motion for summary judgment as to this claim.

Claim 3 alleges that Grievance Coordinator Walker and Regional Ombudsman Woodson denied Proctor "access to the courts" because they determined that Proctor's grievance regarding his transfer to Sussex I State Prison was "non-grievable." *See* Compl. 12. Proctor merely relies on conclusory allegations and fails to plead this claim with any specificity or identify a resulting harm. An access to the courts claim "must state with specificity the underlying cause of action, whether anticipated or lost, and must also identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Hopkins v. Clarke*, No. 16CV00210, 2016 U.S. Dist. LEXIS 144446, at *5, 2016 WL 6092719, at *2 (W.D. Va. Oct. 19, 2016); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (Prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access."). Accordingly, Proctor has failed to sufficiently establish any actual injury, and, therefore, the court will grant defendants' motion for summary judgment as to this claim.[8]

Claim 4 alleges violations of the VDOC disciplinary policies regarding grievance and appeal procedures. None of these alleged violations implicates any of the constitutionally mandated procedural protections set forth in *Wolff*. While state regulations may provide for more stringent procedural protections than the Due Process Clause requires, "a state's failure to abide by its own law as to procedural protections is not a federal due process issue." *Brown v.*

---

[8] To the extent that Proctor argues that his transfer to Sussex I State Prison was in violation of his constitutional rights, the court concludes that such a claim also fails. "The dispositive response to [Proctor's] claim is the well-established principle that an inmate has no constitutional right to be housed in any particular prison." *Waters v. Bass*, 304 F. Supp. 2d 802, 805 (E.D. Va. 2004) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)).

*Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (citing *Riccio v. County of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990)). Moreover, "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d at 75. Therefore, Proctor has no cognizable § 1983 claim against the defendants for the VDOC policy violations alleged in this claim. Accordingly, the court will grant defendants' motion for summary judgment as to this claim.

Claim 5 asserts that Warden Edmonds should have provided Proctor with a re-hearing before reducing his conviction to the lesser-included offense of attempt to commit simple assault. Proctor asserts that not having a new hearing violated both his procedural and substantive due process rights because he was not provided with the opportunity to defend himself against the offense he was convicted of committing and that, as a result, he lost good time credits. OP 861.1 defines "Aggravated Assault" as "physical contact involving a weapon and/or resulting in serious injury or committed with the intent to inflict serious injury," and "Simple Assault" as "physical contact where the victim does not suffer serious injury." "Aggravated Assault," as the higher offense, contains the same elements of "Simple Assault," but also includes additional elements, such as the requirement of intent, a resulting serious injury, or the use of a weapon. Proctor was aware during his disciplinary hearing that he must, at a minimum, present a defense against the attempt to make "physical contact" element of "Aggravated Assault." It is undisputed that Proctor attempted to make physical contact with Officer Jefferson. Accordingly, Warden Edmonds did not violate Proctor's due process rights as Proctor was on notice of the charge against which he had to defend.

Because Proctor's conviction resulted in his loss of good time credits, he asserts that Warden Edmonds' offense reduction also violated Proctor's substantive due process rights. As

11

previously discussed, HO Sims' decision to revoke the good time credits relied on Sgt. Smith's investigation and Officer Jones and Sgt. Jackson's testimony. *See Hill*, 472 U.S. at 454 (holding "that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits."). Because the element of "physical contact" is the only element required for "Simple Assault" and is included in "Aggravated Assault," the record supports that Warden Edmonds' decision to reduce the offense satisfies *Hill*'s "some evidence" requirement.

Accordingly, the court finds that, as a matter of law, Warden Edmonds did not violate Proctor's procedural or substantive due process rights by reducing his conviction without a hearing to the lesser-included offense of attempt to commit simple assault.

III. CONCLUSION

For the stated reasons, the court will grant the defendants' motion for summary judgment. Proctor's claims against defendant Jefferson remain pending in this action.

An appropriate order will be entered.

Entered: June 27, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge