IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIN D. PROCTOR,<br>      Plaintiff,<br><br>v.<br><br>LARRY T. EDMONDS, *et al.*,<br>      Defendants. | Civil Action No. 7:18-cv-00087<br><br>By: Elizabeth K. Dillon<br>     United States District Judge |

**MEMORANDUM OPINION**

Erin D. Proctor, a Virginia inmate proceeding *pro se*, filed this Section 1983 case, asserting several claims, including claims that his prison disciplinary conviction violated his constitutional due process rights. By opinion and order entered June 27, 2019, the court granted defendants' motion for summary judgment as to all of the claims against them. (Dkt. Nos. 37, 38.) As to the due process claims, the court ruled that there were no due process violations in Proctor's disciplinary proceeding. (*See generally* Dkt. No. 37.) A separate judgment was not entered; instead, the court directed the Clerk to again attempt to serve one remaining defendant, Officer Jefferson.[1] Proctor then filed a motion "objecting" to the court's ruling (Dkt. No. 43), which the court has construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b). (Dkt. No. 47.)

**I. Rule 54(b) Motion**

By order entered February 13, 2020, the court directed defendants to respond to the motion to reconsider and to address specific issues listed in the order. (*Id.*) Alternatively, if subsequent events had mooted Proctor's claims, they could file a notice so advising the court.

---

[1] Defendant Jefferson, who had not yet been served, did not join in the motion for summary judgment.

(*Id.*) The court noted that the record showed that Proctor's initial conviction had been reduced on appeal, but did not reflect whether a reduced *penalty* was imposed and, if so, what that penalty was.[2] The court also gave Proctor the opportunity to file a reply. (*Id.*)

Defendants have submitted a response, supported by an affidavit, in which they contend that Proctor's claims are moot. Specifically, they explain that when Proctor appealed his disciplinary conviction, he was found guilty of a lesser offense, and his penalty was reduced. As a result, he did not lose any earned good time credits; instead, the only sanction imposed was 30 days of disciplinary segregation. (Dkt. No. 48 at 4–5 (citing Shiflett Aff. ¶¶ 4–7, Dkt. No. 53).) Defendants also acknowledge that also there were subsequent changes in Proctor's good conduct class level assignment, which affected his rate of accumulation of good time credit, but they note that he did not lose any *earned* good time credits as a result of the challenged disciplinary conviction. (*Id.*)

Defendants contend that a temporary confinement in segregation does not implicate any protected liberty interest so as to trigger due process protections. From this, they argue that Proctor's claims are moot. (Dkt. No. 48.) Most of Proctor's reply is directed toward the other issues identified by the court in its order asking for defendants to respond. He contends that the case is not moot, but he does not dispute that defendants have accurately set forth the revised penalties he received as a result of his disciplinary appeal. (Dkt. No. 52.)

Having reviewed the parties' briefing and the relevant case law, the court concludes that Proctor does not have a viable due process claim.[3] It is not necessary to revisit the alleged errors

---

[2] The penalty for the original conviction included a loss of earned good time credits.

[3] "Mootness" may not be the accurate description for the status of Proctor's claims, particularly because he raised challenges to the revised conviction in this case. But certainly, given that the factual record now clearly shows that he has not suffered any penalty that triggers his due process rights, his due process claims fail on their merits. Thus, the court will deny his motion to reconsider. To the extent that the court's original reasoning in its

in the court's rulings that the proceedings satisfied due process, which is the focus of the motion to reconsider, because Proctor cannot establish that he has a constitutionally protected property or liberty interest.

As noted in the court's first opinion, "[t]o state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). For an inmate to establish a constitutionally protected liberty interest requires a showing of an "atypical and significant" hardship or deprivation in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation that would give rise to a protected liberty interest).

The revised penalty received by Proctor—a 30-day placement in disciplinary segregation—does not give rise to a protected liberty interest triggering due process protections. *See Beverati v. Smith*, 120 F.3d 500, 502–04 (4th Cir. 1997) (holding that inmates did not possess a liberty interest in avoiding a six-month period in administrative segregation, even under poor conditions). Likewise, the effect on Proctor's good conduct earning level does not trigger due process protections. Indeed, a number of courts have held that Virginia prisoners have no liberty interest in any particular classification or good conduct time earning rate, either derived from the United States Constitution, *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), or as the result of Virginia laws or policies, *Garner v. Clarke*, No. 7:18CV00560, 2019 WL 4455984, at *2–3 (W.D. Va. Sept. 17, 2019), *appeal docketed*, No. 19-7601 (4th Cir. Oct. 23, 2019). *See Mills v. Holmes*, 95 F. Supp. 3d 924, 931–34 (E.D. Va. 2015) (analyzing Virginia statutes and

---

summary judgment motion is no longer valid, it grants summary judgment in defendants' favor on the alternate ground that no due process rights are implicated by Proctor's revised disciplinary conviction and revised penalty.

VDOC regulations and concluding that "maintaining a particular . . . earning level" for good conduct "is not a protected liberty interest in Virginia"). The Fourth Circuit has also so held, although in an unpublished decision. *West v. Angelone*, 165 F.3d 22, 1998 WL 746138, at *1 (4th Cir. 1998) (unpublished table decision) ("Inmates have no protected liberty interest in remaining in or being assigned to a particular good conduct allowance level . . . ."). Thus, no due process claim can be brought as a result of Proctor's disciplinary conviction.

For all of these reasons, the court concludes that any continued challenge to Proctor's disciplinary conviction fails to state a claim. Thus, Proctor's motion to reconsider (Dkt. No. 43) will be denied, and the court's prior ruling will be amended to reflect that defendants are entitled to summary judgment because Proctor's disciplinary conviction, as amended on appeal, did not trigger due process protections.

## II. Defendant Jefferson

The court also addresses the status of the claims against defendant Jefferson. After summary judgment was entered and the court directed the Clerk to attempt service on Jefferson again, Jefferson returned a waiver of service. (Dkt. No. 42.) Thereafter, he failed to file a timely response to the complaint, which was due on August 26, 2019. (*See* Dkt. No. 42.) Nonetheless, for the same reasons that the other defendants are entitled to judgment in their favor on the due process claims, any due process claim against defendant Jefferson also must be dismissed. Thus, the court dismisses any due process claim against defendant Jefferson pursuant to 28 U.S.C. 1915A(b)(1). In short, given the facts now known to the court, and for the same reasons set forth herein, Proctor's due process claim against Jefferson fails to state a claim on which relief can be granted.

5

Proctor's complaint also asserts a First Amendment retaliation claim and an Eighth Amendment excessive force claim against Jefferson, but Proctor has wholly failed to pursue those claims, despite service on Jefferson being accomplished almost a year ago and despite Jefferson's subsequent failure to answer. Indeed, Proctor has taken no steps to prosecute those claims. Accordingly, the court will require Proctor to show cause why his remaining claims against Jefferson should not be dismissed because of Proctor's failure to prosecute them.

An appropriate order will be entered.

Entered: May 8, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge