IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIN D. PROCTOR, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>LARRY T. EDMONDS, *et al.*, )<br>Defendants. ) | Civil Action No. 7:18-cv-00087<br><br>By:  Elizabeth K. Dillon<br>      United States District Judge |

**ORDER AND FINAL JUDGMENT**

Erin D. Proctor, a Virginia inmate proceeding *pro se*, filed this case pursuant to 42 U.S.C. § 1983.  After defendant Robert Jefferson waived service and then failed to respond to the complaint, the court entered default judgment as to liability on Proctor's 42 U.S.C. § 1983 claim of First Amendment retaliation against Jefferson.  (Dkt. Nos. 61, 62.)  All other claims against all other defendants were resolved in defendants' favor.  The matter was referred to U.S. Magistrate Judge Joel R. Hoppe, pursuant to 28 U.S.C. § 636(b)(1)(B), for a hearing and report and recommendation (R&R) as to the proper amount of damages to be awarded on this claim.  The court's memorandum opinion and order granting default judgment, order of referral, and notice of hearing were all sent to Jefferson's address of record; none have been returned as undeliverable.  (*E.g.*, Dkt. Nos. 61–65, 68.)

After holding a hearing, at which Jefferson did not appear and Proctor was the sole witness, Judge Hoppe issued his R&R on November 4, 2020, recommending that the court enter judgment in Proctor's favor as against Jefferson, award $5,000 in compensatory damages, deny all other requested relief, and set a specific deadline for Proctor to submit a bill of costs.  (*See generally* R&R, Dkt. No. 68.)  The magistrate judge also advised the parties of their right under 28 U.S.C. § 636(b)(1)(C) to file written objections to his proposed findings and recommendations within 14 days of service of the R&R.  (*Id.* at 16.)

The deadline to object to the R&R has passed, and no party has filed an objection.[*] "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Upon reviewing the record here, the court is satisfied that there is no clear error. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 68) is ADOPTED in its entirety;

2. Judgment is hereby ENTERED in favor of plaintiff Erin D. Proctor against defendant Robert Jefferson in the amount of $5,000;

3. Proctor is advised that any bill of costs, pursuant to Federal Rule of Civil Procedure 54(d), should be submitted not later than forty-five days after entry of this order; and

4. The Clerk is directed to STRIKE this action from the active docket of the court.

The clerk is further DIRECTED to send a copy of this order to Proctor, to all counsel of record, and to Jefferson at his address of record. The Clerk also shall provide to Proctor a copy

---

[*] On the final day for submitting an objection, the Clerk received an unsworn letter from a non-party who does not claim to be an attorney. Instead, the writer identifies himself as Andre Jefferson and states he is submitting the letter "on behalf of Robert Jefferson." (Dkt. No. 70.) This letter is not signed by Robert Jefferson or by an attorney purporting to represent him and cannot be considered by the court. Even if it had been directly submitted by Jefferson, however, the letter offers no meritorious objections to the R&R. It states that Jefferson could not attend the hearing because he was working out of-state, but the hearing was held by videoconference and Jefferson never informed the court that he wanted to attend and was unavailable on the hearing date. It further states that Jefferson should not have to pay Proctor money for "doing his job." This statement, however, is not competent evidence and thus does not contradict or undermine any of the R&R's recommended factual findings. Furthermore, the letter does not provide any basis for setting aside the default judgment.

of Dkt. No. 70, which does not appear to have been sent to him.

    Entered: November 20, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

3